## Cicero & Proviso Street Railway Company v. Mary Reiser.

### Gen. No. 11,209.

1. COLLISION—*what justifies jury's finding that a, might have been avoided by the exercise of due care upon the part of the defendant.* Held, from the facts in this case, that the jury were justified in finding that the collision between a street car and a wagon which resulted in the plaintiff's injury might have been avoided by the exercise of due care upon the part of the defendant.

FREEMAN, P. J., dissenting.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed July 12, 1904. Rehearing denied July 22, 1904.

**Statement by the Court.** Appellee was a passenger in an open electric car of appellant going east on the south track in Madison street. On the north side of the car was a bar or rail which slid up and down between the stan-

chions and iron rods attached to stanchions at the outer end of the front and rear seats.   Appellee sat at the north end of that part of the front seat which faced the rear end of the car.   A one-horse express wagon loaded with window frames was going west on the north car track.   The end of one of the window frames came in collision with the iron rod on the front stanchion, and as a result the rod and bar were broken and the arm of appellee injured. This is an appeal from a judgment for $2,000 recovered by her for such injuries.

JOHN A. ROSE, LOUIS BOISOT and HENRY W. BRANT, for appellant; W. W. GURLEY, of counsel.

J. G. GROSSBERG and H. S. GOLDSMITH, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

It is not claimed by appellant that if the evidence warranted the jury in finding as a fact that when the car approached the wagon the window frames were projecting so far over the sides of the wagon as to make it possible for the ends of the frames to strike the iron rods which projected from the stanchions while the wagon was running in the car tracks, that the jury might not properly find that appellant was guilty of negligence.

The contention of appellant is that while the car was passing the wagon the horse suddenly shied, turned to the north, and that thereby the rear part of the wagon was swung around to the south so as to strike the plaintiff, and there would have been no collision had not the horse shied suddenly, just as the wagon was passing the car.   If this contention is established by the evidence, if it is the only conclusion that can fairly be drawn from the evidence, then the judgment must be reversed.

There is no evidence that the horse was acting badly or doing anything to attract attention up to the time he shied and turned out of the track, nor evidence from which the jury could find that it was possible to stop the car, after the horse shied, in time to prevent the collision; and if there

was room for the car to meet and pass the wagon, loaded as it was, without danger of collision so long as the wagon ran in the car tracks, it was not the duty of appellant's servants to attempt to stop the car until some indications could be seen that the horse was about to leave the car tracks. All the testimony as to the shying or turning out of the horse was given by witnesses called by the defendant. From the evidence the jury were warranted in finding that when the horse shied the front end of the car was abreast of the horse; that the north forewheel of the wagon went beyond the north rail one or two feet, but the hind wheels of the wagon did not leave the rails of the car tracks and that the driver promptly reined his horse back into the car tracks.

Some of the witnesses testified that the shying of the horse caused the hind end of the wagon to swing around and strike the car, but it is plain that such statements were only statements of the conclusions of the witnesses from what they saw and not statements of an observed fact. What they observed was the shying of the horse and the collision, in quick succession, from which they concluded that the shying caused the collision.

It is the province of witnesses, as a rule, to state facts and not draw conclusions from the facts testified to. It is the province and duty of the jury to draw conclusions from the evidence and form opinions upon the facts proved. It is common knowledge that the running gears of a wagon are not fixed and rigid; that the front axle turns upon the king bolt in its center, but the bolster upon which the box rests does not turn with the axle; that in turning out of a car track the hind wheels of a loaded wagon do not necessarily or usually turn out at once with the forewheels but often remain in the tracks while the wagon with one forewheel outside the tracks goes a considerable distance. No witness testified that he saw the hind wheels of the wagon outside of the tracks and the driver of the wagon testified that the front wheels went out of the tracks a foot or two, but the hind wheels remained in the car

track. We are not able to see how the hind end of the wagon could have been swung around to the south so long as the hind wheels of the wagon remained in the tracks.

No inference in favor of the contention of appellant can be drawn from the fact that the collision occurred so soon after the turning out of the horse, for the front end of the car when the horse turned out was opposite or nearly opposite the front end of the wagon. If a window frame on the hind end of the wagon had slipped so far to the south that it would strike the iron rod on the stanchion of the car, then from the place where the car was when the horse shied, the car would have to go only about the length of the wagon, if the wagon was standing still, before the frame would strike the iron rod on the front stanchion. But the wagon was not standing still; it was going west as the car was going east; and from the time the front end of the car reached the front end of the wagon until it reached the hind end of the wagon would, at most, be but two or three seconds—no more time than would in all probability intervene between the shying of the horse and the swinging around of the hind end of the wagon if the shying of the horse caused the hind end of the wagon to swing around to the south. The jury found the defendant guilty of negligence. This finding, upon the facts of the case, involved a finding that the collision between the car and the window frame was caused and brought about, not by the shying and turning out of the horse from the car tracks, but by the fact that a window frame on the wagon projected so far from the side of the wagon as to come in collision with the iron rod on the stanchion of the car, and we cannot say that such finding is against the evidence or that it is not supported by sufficient evidence. We find no reversible error in the rulings of the court in the admission or exclusion of evidence.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*

Mr. Presiding Justice FREEMAN, dissenting.